(Reap. Dec. 10009)

## I. ARDITI *v.* UNITED STATES

Entry No. 900.

(Dated May 29, 1961)

*Eugene R. Pickrell,* attorney of record for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the defendant.

### ORDER

DONLON, Judge: On January 17, 1957, plaintiff's appeal for reappraisement of merchandise was filed in this court pursuant to section 501 of the Tariff Act of 1930. This appeal was filed in plaintiff's behalf by Eugene R. Pickrell, Esq., a member of the bar of this court in good standing, as attorney of record.

The case was submitted November 29, 1960, after trial in New York. Briefs were subsequently filed by counsel for both parties. On April 19, 1961, the trial judge handed down a decision, and judgment was entered sustaining the valuation found by the appraiser for the merchandise. (Reap. Dec. 9980.)

On May 17, 1961, plaintiff (personally) filed with the court what purports to be a motion to set aside the judgment and for rehearing.

On May 19, 1961, the attorney of record filed with the court an application for review of the decision of the trial judge by the appellate term.

On May 24, 1961, plaintiff filed with the clerk of the court the following document:

May 24, 1961
NOTICE OF MOTION

To the Clerk
United States Customs Court
New York, N.Y.

Sir:

Please take notice that under Rule 14, the undersigned Plaintiff herein makes a Motion to this Court to have himself substituted as Plaintiff appearing in person, in lieu of Eugene R. Pickrell, Esq., representing Plaintiff.

Yours very truly,
(signed) I. Arditi
I. Arditi

copy to: Eugene R. Pickrell, Esq.

These dates and matters are set forth in order to bring into perspective the purported motion for rehearing. It will be noted that at

the time when that document was filed, plaintiff had a counsel of record in this litigation; no notice had then been given to the court, either requesting that substitution of attorney be approved, or requesting approval of termination of retainer of the attorney of record without substitution; and, also, with commendable prudence and zeal, plaintiff's attorney of record has filed an appeal from the decision of the trial judge. In the confused situation which plaintiff's inexperience has created, his counsel has done what was possible to safeguard plaintiff's right to obtain a review of the decision of the trial judge.

There is before the court for decision no properly filed motion for rehearing. At the time plaintiff filed his purported motion, he was represented in this litigation by an attorney of record, and no action had then been taken pursuant to rule 14 for court approval of the termination of that client-attorney relationship, either with or without substitution of a new attorney.

While, under the circumstances, no decision on the merits is required, it may be not inappropriate to point out, since plaintiff is not a member of the bar of this court, that the grounds on which he seeks rehearing are matters appropriate for consideration on appeal and do not, in my opinion, warrant the reopening of the trial. In every litigation, there is likely to be one party who believes that a decision against his cause is wrong. Decisions below sometimes are wrong, in the view of appellate courts. That is why our judicial structure wisely provides opportunity for litigants to take appeals.

The clerk is directed to strike from the record, as void, the attempted motion filed by plaintiff personally on May 17, 1961.

There is pending a timely appeal from the decision of the trial judge, and the clerk is directed to process this appeal in regular course for argument.

The notice, filed May 24, 1961, by plaintiff for approval of termination of his retainer of the attorney of record, without substitution of a new attorney, is referred to the appropriate appellate term, as the litigation no longer is under my jurisdiction.

It is so ordered.